File No: PBB 1509000 182
         078-367-619
Event No: BTV 1611000263
Subject ID: A 078-367-619
           354350062

# United States District Court
# District of Columbia

Andre Juste 078-367-619
Buffalo Federal Detention Facility
4250 Federal Dr
Batavia, NY 14020

Case: 1:17-cv-00895 (F-Deck)
Assigned To : Unassigned
Assign. Date : 5/12/2017
Description: Pro Se Gen. Civil

## Civil Action

V.

- Immigration & Customs Enforcement
- Potomac Center North Building
- Detention and Removal Operation

500 12th Street, SW
Washington, D.C. 20024
              20536

Michael T. Phillips
Field Office Director
130 Delaware Avenue
Buffalo, NY 14020

Mail Room
MAR - 3 2017

Batavia

Todd L Tryon
Field Office Assistance
Warden of Immigration Detention
Facility
4250 Federal Drive
Batavia, NY 14020

Buffalo Federal Detention Facility
Detention Center Officers
4250 Federal Dr.
Batavia NY 14020

Buffalo Federal Detention Facility
Detention Center / Detainees
Detainees
4250 Federal Drive
Batavia, NY 14020
Including but are not limited to,
Individual Jointly Individual
Defendants
                Defendants

This Complaint arise under the action Deprivation of Privacy, false Imprisonment unlawful Imprisonment Retaliation other form of Exploitation Decrimination Racial National Origin, Sexual Orientation, Religion, gender, Disabilities Disabilities, conspiration interfere civil rights Violation Unlawful Criminal Restraint

Defendants Violated the Plaintiff Constitutional Rights Under New York State Constitutional Rights, the Constitution of the State of New York.

Pursuant to the Defendants- government as (DHS) Violations of United States District Court Jurisdiction. Ion-Under the Same Sta. Case status was already in District Courts Prior the Same 078-367-619

The government without proble cause as Defendants wo who have ongoing Violated the Plaintiff fourth (4th) and Fifth (5th) Sixth (6th) and Eight (8th) Amendment of the Constitution of the United States, Fraud, Infringed Unlawful Search and Seizure

Defendants in Violation Private Act 5 USC 552(a) Frivous Note Disclosure Document 552a

Under Arbitrary of liberty - Detention Deprivation of any Rights Privileges or Immunities Secured by the Constitution and federal laws

Lited under Color of federal laws Action alleging deprivation of any privileges or Immunity secury by the Constitutional statutory Rights is violated by Defendants under New York State constitutional Rights

Under Color of any statute, State laws, ordinance, Regulation, Customs or Usage of any State of territory - a District of Columbia under Rule 14, Under color of an other authority

Defendants Violated the Plaintiff Fifth and Sixth, Eight Amendment of the Due process of the Fourteenth Amendment the Plaintiff Bill of Rights in Violation the First ten (10) Amendments of the Plaintiff and Rights Reserved Under color of State and Federal Congress Judiciary Amended laws under the authorization Act

The government is under falsified case Immigration Judge Reid B. John and Department of Homeland Security assistant chief Counsel Michael G. Dreher have built under the 18 U.S.C 1001(a)(2) and out of State Convictions and Injunctive Relief

The Plaintiff is not a a Resident of Batavia or Buffalo Western District of New York, was are arrested without a warrant from no Judge at U.S. CBPDE Erie County, Niagara, City of Buffalo New York — is District of Columbia Resident and Eastern - Western District of Virginia

Defendants have had been unlawfully held the Plaintiff over and more than one year (12) Months in Violations the 241.4 Failed to transfer Plaintiff to Headquarters Post Detention Unit Washington, District of Columbia

also in Zadvydas V. Davis 533 U.S. 701 is still being held under wrongful and unlawful Prolonging Detention out of Six (6) Month Detention over 12 Twelve (12) Months ago being detaining under arbitrary Detention or liberty for the same case who had had been in United States District Court Jurisdiction

The Plaintiff is Not a Post-Conviction under the State of New York and Western District of New York.

The Fifth Amendment protected from being under unlawful prolonging Detention by the Due Process Clause from arbitrary governmental action id. at 90 (Kendy J, dissenting) in violation the (freedom from bodily restraint and unlawful criminal restraint always be the at has been at the core of liberty protect of cor liberty by Due Process Foucha v. Louisina, 504 U.S 71, 80 (1992 1992)

There No Equitable in the interest of Justice that District Court should not abuse its discretion under Foucha. Supra at, 752 Substantive demands of due process clause to be Release, Salerno, Supra; Hendrick, Supra, So presumably requirements subtantive that the class detainees be narrow and detention period strictly limited.

Under the A due process clause of the Fifth Amendment, avoid physical restraint to be continued –

# Statement of Claim

Defendants Neglecting unlawful Neglect the plaintiff Removal Proceedings held the Plaintiff without having No conviction or Prior in New York, Western District, and tried the plaintiff without being Post-conviction in the New State out of Jurisdiction

Statement of Claim: Plaintiff is suffering traceable threat of injuried unlawful ongoing Removal Proceedings with No Warrant was issued (against) for the plaintiff

Statement of Claim: Defendants Overstepped another authority of authority Judiciary Jurisdiction and Violated the Constitutional Rights Article Bill of Rights under Due process a violation of Fifth (5th) of Fourteenth (14th) Ament

Statemento of claim: plaintiff are being held feriously unlawful criminal Restraint violated the plaintiff Rights under the Constitution of New York, and United States incl. New York State Constitutional Rights

## Claim for Relief

The Plaintiff Seeks that the Plaintiff shall be Release out of wrongful Detention from Defendants and or Relocated to Fairfax, VA Detention

Plaintiff also Request that the Court Expeditiately Release the Plaintiff out unlawfully Prolonging Detention for For over Six (6) Months Detention, Approximated (17) Months out of State Post Relief Conviction Not From in the Western District of NY – without Post conviction or Prior conviction

Plaintiff Demands that the Court Shall Release the Plaintiff. out willful Detention false charges

# Prayer for Relief

Wherefore the Plaintiff Moves this Court Respectfully Request that Judgment shall be for the Sum of the 2,000,000 of the Complaint against the All Defendants, failure to answer the Plaintiff of the complaint shall be Entered Judgment by Default Rule 55 (a)(b)(2)(d)(e)( ) Prays that this Court grant the following Relief

(1) Enter Preliminating and Permanent Injunctive Relief Enjoining Res, Defendants from further unlawful detention of Plaintiff

(2) Grant the Plaintiff Monetary damages Punitive damage Compensation, directing Respondents - Defendants Immediate Release From custody - N Dismissing the Removal

(3) Grant and Awarder Plaintiff Judgment against all Defendant

Grant such other Relief and further that this Court deems Just and Proper Equitable in the interest of Justice.

Andry Juste

770-2??-11?

| Alien's Name | File Number | Date |
|---|---|---|
| JUSTE, ANDRE | 078 367 619 | cc 11/25/2015 |
| | Event No: BTV1611000263 | 12/1/2015 |

THE SERVICE ALLEGES THAT YOU:
------------------------------------

1. You are not a citizen or national of the United States;

2. You are a native of HAITI and a citizen of HAITI;

3. You arrived in the United States at or near unknown place, on or about unknown date;

4. You were not then admitted or paroled after inspection by an Immigration Officer;

5. You were, on July 9, 2003, convicted in the Circuit Court For The City Of Winchester, Commonwealth of Virginia, for the offense of Possession of Cocaine in violation of Virginia Code Section 18.2-250, for which a sentence of 12 months was imposed.


ON THE BASIS OF THE FOREGOING, IT IS CHARGED THAT YOU ARE SUBJECT TO REMOVAL FROM THE UNITED STATES PURSUANT TO THE FOLLOWING PROVISION(S) OF LAW:
------------------------------------------------------------------------------------

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act (21 U.S.C. 802)

| Signature | Title |
|---|---|
| D 0556 HENDERSON | SDDO |

A2/147 A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BATAVIA, NEW YORK

IN THE MATTER OF:                          In Bond Proceedings

JUSTE, ANDRE                               FILE NUMBER: A#078-367-619

RESPONDENT
                              APPEARANCES

FOR THE RESPONDENT                         FOR THE DHS:
Pro Se                                     Michael Dreher, Esq.
                                           Assistant Chief Counsel
                                           4250 Federal Drive
                                           Batavia, NY 14020

## BOND MEMORANDUM

The Respondent is charged in a Notice to Appear dated November 25, 2015, with being removable pursuant to §212(a)(2)(A)(i)(II) of the Immigration and Nationality Act (the Act) for having been convicted of a controlled substance violation. The Notice to Appear charges that the Respondent was convicted in the Commonwealth of Virginia on July 9, 2013 for possession of cocaine for which a sentence of twelve months was imposed. The Government also served a form I-261, Additional Charges of Inadmissibility/Deportability dated December 9, 2015 wherein it alleges that the Respondent was convicted on July 12, 2007 in West Virginia for simple possession of crack cocaine. The Respondent has admitted each of these convictions.

The Department of Homeland Security held the Respondent in custody without bond and the Respondent requested a bond redetermination before the Court which was held on January 26, 2016.

It is my determination that the Respondent is properly being held in DHS custody under mandatory provisions of §236(c)(1)(A) of the Act.

Accordingly, I find that the Court lacks jurisdiction to entertain a bond redetermination so the request for a change in the custody status of the Respondent is denied.

John B. Reid
Immigration Judge

Dated: March 9, 2016

A2/147 A

RE: JUSTE, ANDRE

File: A078-367-619

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)   PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [P] DHS
DATE: 2/9/14        BY: COURT STAFF
    Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

C1

03-CR-469

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE CITY OF WINCHESTER**

June 10, 2003

COMMONWEALTH OF VIRGINIA

CITY OF WINCHESTER, to-wit:

The Grand Jury for the June Term 2003, of said Court charges that:

On or about March 2, 2003, within the City of Winchester, Virginia, one Andre Juste did unlawfully and feloniously knowingly or intentionally possess Cocaine, a Schedule I controlled substance, without a valid prescription or doctor's order against the peace and *dignity* of the Commonwealth.

Virginia Code Section: 18.2-250 (a)

Witness: _____

Indictment for Felony

____ True Bill

____ Not A True Bill

_____
Foreperson

2003-CR-469   Possess cocaine   12 months
              18.2-250 (3/2/03)

## EXECUTION SUSPENDED

It appears that it would be compatible with the public interest and the rehabilitation of the defendant to suspend a portion of the sentence. Accordingly all of the sentence is suspended for a period of 10 years from this date on the condition he leaves the Commonwealth of Virginia by July 15, 2003 and does not return for 10 years.

## JAIL CREDIT

The defendant shall be given credit for all time spent in custody awaiting disposition on these charges.

## OPERATOR'S LICENSE

The Court suspended the operator's license of the defendant for a period of 6 months from July 8, 2003.

## DEFENDANT'S STATUS

The defendant is released on the condition imposed.

A copy of this order shall be delivered to the attorney for the defendant and the attorney shall ten days from date of entry of the order to file any written objections to any portions not covered by objections previously noted in the record of these proceedings.

Entered on July 9, 2003

John E. Wetsel, Jr., Judge

**DEFENDANT'S IDENTIFICATION:**
Alias:                          DOB: 12/30/80
SS#: 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                SEX: Male
TOTAL TIME IMPOSED: 12 months
TOTAL TIME SUSPENDED: 12 months
TOTAL TIME TO SERVE: None

U.S. Department of Homeland Security  
Immigration & Customs Enforcement                                   Additional Charges of Inadmissibility/Deportability

In: ☒ Removal Proceedings under section 240 of the Immigration and Nationality Act

☐ Deportation Proceedings commenced prior to April 1, 1997 under former section 242 of the Immigration and Nationality Act

In the Matter of:

Alien/Respondent: JUSTE, Andre

File No: A 078 367 619   Address: Buffalo Federal Detention Facility  
4250 Federal Drive, Batavia, NY 14020

There is/are hereby lodged against you the additional charge(s) that you are subject to being taken into custody and deported or removed from the United States pursuant to the following provision(s) of law:

ADD CHARGE:

Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, as amended, in that you are an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime.

In support of the additional charge(s) there is submitted the following factual allegation(s) ☐ ☒ in addition to ☐ in lieu of those set forth in the original charging document:

ADD ALLEGATIONS:

A 6.  On July 12, 2007, you were convicted, in Berkeley County, WV, of the offense of Simple Possession, to wit: crack cocaine, in violation of W.V. Code § 608-4-401.

A 7.  On March 31, 2000, you were convicted, in St. Lucie County, FL, of the offense of Grand Theft Motor Vehicle, in violation of Florida Statute 812.014.

Pleadings — 1/7/16

Dated: December 9, 2015                                Michael G. Dreher, Assistant Chief Counsel  
                                                               (Signature and Title of Issuing Officer)

Form I-261 (Rev. 4/1/97)N

1/7/16 EXHIBIT 1A

**Additional allegations (continued):**

## Notice to Respondent

**Warning:** *Any statement you make may be used against you in removal proceedings.*

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the charging document and that you are inadmissible or deportable on the charges contained in the charging document. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Certificate of Service

This charging document was served on the respondent by me on __12/9/15__ (Date), in the following manner compliance with section 239(a)(1)(F) of the Act:

☐ in person   ☐ by Federal Express   ☒ via facility mail

To: [in DHS custody]
Buffalo Federal Detention Facility
4250 Federal Drive, Batavia, NY 14020
(Alien's Name and Address)

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____    _____M__R_____ACC
(Signature of Respondent, if personally served)   (Signature and Title of Officer)

Form I-261 Page 2 (Rev. 4/1/2005)